## Case No. 4,807.

FIRST NAT. BANK OF NORTH BENNINGTON v. BENNINGTON.

[16 Blatchf. 53;[1] 2 Browne, Nat. Bank Cas. 437.]

Circuit Court, D. Vermont. Feb. 25, 1879.

Edward J. Phelps and George W. Harman, for plaintiff.

Charles. N. Davenport, Tarrant Sibley,. and A. B. Gardner, for defendant.

WHEELER, District Judge. This is a motion for a new trial, in an action of assumpsit upon coupons from the bonds of the defendant, issued in aid of the Lebanon Springs Railroad Company, a corporation existing under the laws of New York, under No. 1 of the Special Session Laws of Vermont, 1867, after a verdict for the plaintiff, directed by the court, at last term.

The grounds urged in support of the motion are, that, upon the evidence in the case, the action cannot be maintained, because the bonds are under seal, and, therefore, assumpsit is not the proper form of action; that the statute under which the bonds were issued is contrary to the constitution of the state; and that the plaintiff is without authority under the law to take and hold such instruments and maintain any action upon them.

The statute authorized the issuing bonds or notes, with interest coupons attached, the

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

bonds to be signed by the selectmen, and the coupons by the treasurer, of the towns. The bonds are under seal; the coupons are signed as the statute requires, and are not under seal. Each coupon contains an express promise to pay. It reads: "The town of Bennington will pay to the bearer," &c. It was intended to be separated from the bond, and to be evidence in itself of a debt, and to be paid and taken up as such. It is a negotiable instrument, and, if valid, constitutes a cause of action in the hands of any holder. Knox Co. v. Aspinwall, 21 How. [62 U. S.] 539; Knox Co. v. Wallace, Id. 546. Therefore, a judgment upon one coupon, or a set of coupons, from a bond, is not conclusive between the same parties, or their privies, for or against the validity of other coupons from the same bond, unless the validity of all of them was tried and determined. Cromwell v. County of Sac, 94 U. S. 351. When a coupon is sued, an appropriate action to recover upon it, according to its nature, must be brought. These coupons are, in their nature, simple contracts, and assumpsit, although not the only remedy, for debt would lie, is a proper remedy. It was maintained upon similar coupons in Aurora v. West, 7 Wall. [74 U. S.] 82.

All questions as to the validity of the statute under which the bonds and coupons were issued arise under the constitution of the state, and not at all under that, or any law, of the United States. There is no federal question involved. This court has jurisdiction because the plaintiff has been organized as a corporation, and exists, under the laws of the United States, and those laws have given jurisdiction of suits by and against it. Rev. St. § 629, tenth. This jurisdiction is concurrent with, and, although independent of, not over, that of the state courts. The laws of the states, under the constitutions of the states, when they do not conflict with the constitution or the laws of the United States, are wholly matters of state concern and subject to state control. Of necessity, the construction given by the highest court of a state, constituted for that purpose, to the constitution and laws of the state, must stand as a part of them. A state would not be sovereign and independent as to a constitution and laws which it could not, by its own appointed tribunals, construe, any more than it would be if it could not adopt or enact them. This right of the states to have their courts of last resort construe their laws, both legislative and organic, has always been conceded. Gelpcke v. Dubuque, 1 Wall. [68 U. S.] 175. There never appears to have been any question about the right, nor any about following the decisions, unless they were fluctuating. And the decision of the highest tribunal of a state, maintaining the validity of a statute, under the constitution of the state, is always followed. Pennsylvania College Cases, 13 Wall. [80 U. S.] 190; Atlantic & G. R. Co. v.

Georgia, 98 U. S. 359; County of Henry v. Nicolay, 95 U. S. 619. The question as to the validity of this statute, under the constitution of the state, has been before, and been determined by, the highest judicial tribunal of the state, and at a general term of the highest court, when all the judges sit together for the consideration of important questions, thus constituting it not only the highest in name, but also in ability, that can be had in the state. It would not be decorous toward, nor in accordance with the great respect entertained for, that court, to examine the grounds of its decision, or do more than ascertain what it was, especially if in favor of the validity of the law. And it was so. Bennington v. Park, 50 Vt. 178; Bank of St. Johnsbury v. Concord, Id. 257. The defendant has no rights in this behalf, except those which the tribunals of its own state, under whose laws it exists, would accord to it. The plaintiff had the right to invoke the aid of the courts of either jurisdiction, but there the right of choice ended, as to both parties. The rule for determination must be the same in each.

The statute (Rev. St. § 5136, seventh) authorizes national banks, of which the plaintiff is one, to exercise all such incidental powers as shall be necessary to carry on the business of banking, by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt, &c. These coupons are doubtless promissory notes, within St. 3 & 4 Anne, c. 9, and of this statute, both of which use the term in the same sense, unquestionably. They are also evidences of debt. The coupons, and the right to sue upon them, are all that are now in question. No intimation of any views concerning the right to take and hold the bonds is intended by this discrimination, however.

The motion is overruled, and judgment entered on the verdict.